UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY, | No.  2:23-cv-0061 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK CAVELLO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

I. Procedural History

By order filed January 11, 2023, plaintiff's first amended complaint filed in Mundy v. Sacramento County Jail Medical Staff, No. 1:22-cv-0401 ADA SAB (E.D. Cal.), was severed into three separate civil actions.  ECF No. 2.  This case, which relates only to the allegations against defendants at Mule Creek State Prison, was transferred to this division and opened on the same day.  Id.  Plaintiff was then ordered to file an amended complaint that raised only his claims against the defendants at Mule Creek State Prison.  ECF No. 9.  Plaintiff has now filed an amended complaint.  ECF No. 11.

////

////

1

II.     First Amended Complaint

   A.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

   B.  Plaintiff's Allegations

The first amended complaint is comprised of three separate claims and alleges that individual defendants Covello, Macomber, Davidson, Stacy, Costa, Hla, Hernandez, Gaynor, Ullery, Cribari, Miranda, and Gates, as well as entity defendants Mule Creek State Prison (MCSP), California Department of Corrections and Rehabilitation (CDCR), California Prison Industry (CALPIA), and California Correctional Health Care Services (CCHCS), violated plaintiff's rights under the Eighth and Fourteenth Amendments and the ADA. ECF No. 11.

In Claim One, plaintiff alleges that he suffers from a soy allergy and that all defendants implemented customs and policies that violated medical ethics, CDCR and CCHCS policy, the ADA, and federal food safety laws and repeatedly denied him a prescribed non-soy, cardiac diet. Id. at 5-6. He has suffered from allergy symptoms on hundreds of occasions, which defendants have witnessed, and he submitted multiple grievances at all levels which defendants have denied. Id. at 6-7. With respect to specific defendants, plaintiff alleges that Stacy refused to provide him copies of medical records he needed to substantiate his food allergies. Id. at 5-6. After plaintiff suffered an allergy attack, Hla and Hernandez refused to provide him treatment and put in a routine priority request to see Gaynor, a dietician. Id. at 6. Hla, Hernandez, and Gaynor have all acknowledged plaintiff's allergy but refused to provide proper care or a proper diet and tell him to just avoid foods with soy, while Hla and Hernandez routinely refuse to document plaintiff's allergic reactions. Id. 6-7. Plaintiff is unable to avoid foods with soy because CDCR, CCHCS,

3

and CALPIA do not provide ingredient or food allergy labels for cooked and most packaged foods. Id. at 7.

Claim Two asserts that plaintiff suffers from three serious, life-threatening conditions and that all defendants—except Gaynor, Davidson, and CALPIA—implemented customs and policies that violated medical ethics, CDCR and CCHCS policy, and federal laws, and that they have denied or delayed treatment for his conditions. Id. at 9. With respect to his first condition, plaintiff states that he suffers from severe gastrointestinal bleeding caused by his soy allergy and that Hla, Hernandez, Ullery, and Gates have refused to send him for a diagnostic scope and other treatment that was prescribed by a specialist. Id. at 9-10. Plaintiff's second condition is ongoing blood infections and damage to his leg from repeated hives. Id. at 10. Hla and Hernandez were regularly made aware of plaintiff's condition, but they failed to provide treatment that had already been proscribed and Hernandez ordered nurses and officers who tried to help plaintiff not to document his injury. Id. at 11. An MRI showed that plaintiff had two tears in his meniscus and a foreign body in his knee, as well as significant cartilage build up and tissue damage. Id. Plaintiff's surgery was repeatedly delayed, in part due to Hla and Hernandez refusing to send over the MRI films, and after plaintiff eventually underwent surgery, he was never sent back for follow-up treatment. Id. at 11-12. During the time before the surgery, Hla refused to provide the pain medication. Id. at 12. Finally, plaintiff asserts that he was denied cardiac treatment, which included various diagnostic tests to check the condition of his heart and cardiovascular system after suffering from prolonged infection. Id. at 13. He repeatedly notified Hla, Hernandez, Ullery, and Gates about the tests that had been ordered and his worsening symptoms. Id. Plaintiff also notified "defendants at all levels" that he had been prescribed a cardiac diet and that CDCR's diet was not sufficient, but he was still denied care. Id. Plaintiff was eventually seen by another provider while Hla and Hernandez were on vacation, and he finally began to receive the treatment that had been ordered by the cardiologist. Id. He asserts that it is CDCR and CCHCS custom to protect all medical providers even when they violate policy and that due to defendants' policies, he still has not received the correct diet or received appropriate care. Id. at 13-14.

////

In his last claim, plaintiff asserts that all defendants—except for Gaynor, Davidson, Hla, Hernandez, and CALPIA—implemented customs and policies that violated his rights under the ADA, and denied him a fair hearing on adverse decisions, representation at hearings, and meaningful access to the grievance system and courts. Id. at 15.  Plaintiff states that he has dyslexia, suffers from a brain injury, has been declared disabled by federal agencies based on his learning disabilities and nerve damage in his hand, and suffers from severe confusion caused by soy but has been denied disability status at least four times. Id. at 15.  He was not allowed representation or to be present at the hearings to determine whether he was disabled. Id.  Plaintiff claims that he has repeatedly had his legal property withheld, thrown away, or lost and that he is being denied meaningful access to the grievance process because of his disability. Id. at 16.

### C. Claims for Which a Response Will Be Required

Plaintiff's allegations against Hla, Hernandez, Gaynor, Ullery, and Gates are sufficient to state claims for relief under the Eighth Amendment and these defendants will be required to respond to the complaint if plaintiff chooses not to amend. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment" (citation omitted)).

### D. Failure to State a Claim

#### i. Sovereign Immunity

Plaintiff's § 1983 claims against the CDCR, MCSP, CALPIA, and CCHCS are barred by sovereign immunity because they are arms of the state. See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))).  Furthermore, plaintiff states he is suing the defendants in their individual and official capacities. ECF No. 11 at 5, 9, 15.  However, claims for damages against state officials acting in their official capacity are barred by sovereign immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different from a suit against the State itself." Will, 491 U.S. at 71 (citations omitted).  Accordingly, any claims for damages against defendants in their official capacities are barred.

To the extent plaintiff seeks injunctive relief in the form of policy change, plaintiff does not identify the allegedly deficient policy or who he is seeking injunctive relief from. Plaintiff therefore fails to any state claims for injunctive relief against any defendant in their official capacity. See Colwell v. Bannister, 763 F.3d 1060, 1070 (9th Cir. 2014) (to state a claim for injunctive relief plaintiff must "identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief" (citation omitted)).

### ii. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Furthermore, "[t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836-38 (1970).

Aside from general allegations that all defendants have violated his rights or implemented policies or customs that violate his rights, plaintiff does not make any allegations against defendants Covello, Macomber, Davidson, Stacy, Costa, Cribari, and Miranda, many of whom appears to have been named solely based on their supervisory positions. Because plaintiff has not identified any specific action taken by these defendants, he fails to state any claims against them because general allegations that plaintiff's rights were violated or allegations against defendants collectively are insufficient. Moreover, while plaintiff alleges that defendants implemented constitutionally deficient policies, he fails to identify the policies at issue or allege facts indicating

that the violation of his rights was due to the challenged policy rather than the actions of individual defendants.

### iii. Due Process

It appears that plaintiff may be attempting to state a due process claim based on the denial or requests for disability accommodation. ECF No. 11 at 15. A viable procedural due process claim requires "deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." Krainski v. Nevada ex rel. Bd. Of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 970 (9th Cir. 2010) (citing Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998)). However, it appears that plaintiff is attempting to challenge determinations whether to grant requests for accommodation, not whether to remove them. Accordingly, plaintiff was not at risk of being deprived of an interest in any accommodation devices he may have been seeking, and he fails to identify any specific liberty interest that was at stake. Furthermore, to the extent the accommodation request process can be considered a form of administrative grievance or plaintiff claims he was denied access to the grievance process, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Plaintiff's allegations are therefore insufficient to state a due process claim.

### iv. Access to the Court

Plaintiff asserts that defendants deprived him of his right to access the courts. ECF No. 11 at 15-16. While inmates have a "fundamental constitutional right of access to the courts," Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)), that right covers only limited types of cases: direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions, id. at 354. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355. In this case, plaintiff fails to provide any information regarding the case(s) he was trying to pursue or identify who interfered with his access to the courts and how. As a result, he fails to state a claim for relief.

1               v.      ADA and RA Claims

To state a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)).

To be entitled to compensatory damages under the ADA, plaintiff must demonstrate that the discrimination he experienced was the result of deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Duvall, 260 F.3d at 1138-39 (citations omitted). "When the plaintiff has alerted the public entity to his need for accommodation . . . , the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test." Id. at 1139. "[I]n order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." Id. (citations omitted)

Plaintiff states that he is suing defendants in their individual or official capacities. ECF No. 11 at 15. To the extent he is attempting to bring ADA claims against Covello, Macomber, Stacy, Costa, Ullery, Cribari, Miranda, and Gates in their individual capacities, these claims fail. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell, 303 F.3d at 1052); see also Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act.")); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (citations omitted)). To the extent plaintiff is asserting his ADA claims against these

defendants in their official capacities,[1] such claims are equivalent to a suit against the entity itself and plaintiff has already named the CDCR as a defendant. The claims against these defendants are therefore redundant and may be dismissed. Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (citations omitted).

To the extent plaintiff is alleging that the CDCR, MCSP, and CCHCS have violated his rights under the ADA, the claim fails. Plaintiff does not identify the programs, services, or activities he was excluded from, nor does he explain how denial of representation or a hearing denied him access to a program, service, or activity. To the extent plaintiff is attempting to claim he was prevented from accessing the grievance process, he does not explain how access was denied as a result of his disability (i.e., what accommodations was he denied for what disability and how did that prevent him from accessing the grievance process).

### E. Leave to Amend

For the reasons set forth above, the court finds that the first amended complaint states cognizable Eighth Amendment claims against defendants Hla, Hernandez, Gaynor, Ullery, and Gates. The complaint does not state any other claims for relief against these defendants or any claims for relief against defendants Covello, Macomber, Davidson, Stacy, Costa, Cribari, Miranda, MCSP, CDCR, CALPIA, and CCHCS. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendants Hla, Hernandez, Gaynor, Ullery, and Gates on Eighth Amendment claims or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claims against defendants Hla, Hernandez, Gaynor, Ullery, and Gates without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint

---

[1] A state official sued in their official capacity "represents a 'public entity' under Title II." Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187 (9th Cir. 2003).

will be considered a voluntarily dismissal without prejudice of all other claims and defendants.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court further notes that plaintiff attached over 150 pages of exhibits to the complaint. ECF No. 11 at 20-177. Plaintiff is advised that should he choose to amend the complaint, at this stage, it is not necessary to provide evidence to prove his claims, and the attachment of extensive exhibits is discouraged. Though plaintiff provides citations to his exhibits throughout the complaint, the court will not sift through them to try and determine which are intended to serve a merely evidentiary purpose and which are intended to provide the factual basis of plaintiff's claims. Nor will the court attempt to determine what claims plaintiff may be attempting to make by citing to exhibits. In amending the complaint, plaintiff should explain to the court what each

defendant did rather than relying on exhibits.

   III.   Motion to Compel

Plaintiff has filed a motion to compel defendants Covello and Stacy to produce a copy of his medical records. ECF No. 12. This complaint has yet to be served on any defendant and any discovery is therefore premature. The motion to compel will therefore be denied.

   IV.   Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the first amended complaint state claims against the defendants and some do not. You have stated Eighth Amendment claims against defendants Hla, Hernandez, Gaynor, Ullery, and Gates. You have not stated any other claims against these defendants, and you have not stated any claims against defendants Covello, Macomber, Davidson, Stacy, Costa, Cribari, Miranda, MCSP, CDCR, CALPIA, and CCHCS. In order to state claims against the individual defendants, you must allege facts showing what each defendant did or did not do that you believe violated your rights.

You have a choice to make. You may *either* (1) proceed immediately on your Eighth Amendment claims against defendants Hla, Hernandez, Gaynor, Ullery, and Gates and voluntarily dismiss the other claims and defendants *or* (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims and defendants except for your Eighth Amendment claims against defendants Hla, Hernandez, Gaynor, Ullery, and Gates. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the second amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 12) is DENIED.

2. The complaint states cognizable Eighth Amendment claims against defendants Hla,

Hernandez, Gaynor, Ullery, and Gates.  The complaint does not state any other cognizable claims for which relief can be granted.

3.  Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Hla, Hernandez, Gaynor, Ullery, and Gates as set forth in Section II.C above, or to amend the complaint.

4.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims and defendants except the Eighth Amendment claims against defendants Hla, Hernandez, Gaynor, Ullery, and Gates.

DATED: August 6, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>  Plaintiff,<br><br>  v.<br><br>PATRICK CAVELLO, et al.,<br><br>  Defendants. | No. 2:23-cv-0061 WBS AC P<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Hla, Hernandez, Gaynor, Ullery, and Gates without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims and defendants pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

_____
Stanley W. Mundy
Plaintiff pro se

1