UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>        Plaintiff,<br><br>    v.<br><br>CAVELLO, et al.,<br><br>        Defendants. | No.  2:23-cv-0061 WBS AC P<br><br><br>ORDER |

   Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for an extension of time to file objections to the Magistrate Judge's findings and recommendations (ECF No. 28), and a stay pending appointment of counsel.  ECF No. 33.

   Plaintiff seeks an extension of time to file objections and a stay pending appointment of counsel on the grounds that he is permanently disabled, has two documented traumatic brain injuries from 1999 and 2013, experienced further traumatic brain injury as the result of defendants' alleged violations of his rights, his case is complex because it was split into three separate actions against different defendants, the actions overlap because they involve the same policy and type of conduct, he has state actions concurrently pending, and faces time limits to pursue his case Mundy v. Miranda, No. 2:25-cv-0182 AC.  Id. at 1-2.  In support of his motion, plaintiff attaches copies of two MRI reports, one from November 2013 and another from January

1

2025; an undated notice that his request for an appointment with Neurology has been approved; DDP/DPP Orientation Expectations regarding parole hearing assistance; grievance decision regarding his disability accommodation request; an affidavit from plaintiff; and two affidavits from other prisoners.  Id. at 5-16.

Good cause appearing, plaintiff's motion for a thirty-day extension of time will be granted.  However, plaintiff's motion to appoint counsel and stay proceedings pending appointment of counsel will be denied.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  The magistrate judge's recent screening found that plaintiff had stated Eighth Amendment deliberate indifference claims against three defendants.  If the district judge adopts these findings and recommendations, the case will proceed on only one type of claim against three different defendants.  Such a case is not complex.  Additionally, plaintiff appears to be an experienced litigator with several other cases in this court where he is proceeding without counsel, two of which have been ongoing for several years.  Mundy v. Sacramento County Jail Medical Staff, No. 1:22-cv-0401 KES SAB (E.D. Cal.) (filed April 6, 2022); Mundy v. City of

County of Sacramento et al, No. 2:23-cv-0059 TLN CKD (E.D. Cal.) (filed January 11, 2023).[1] In that time, plaintiff has demonstrated a more than sufficient ability to articulate his claims and understand the arguments, as demonstrated by his amended complaints and objections to the magistrate judge's findings and recommendations. Moreover, the evidence in support of his motion is insufficient to conclude that he is unable to represent himself at this time.

The denial to appoint counsel will be without prejudice. Should plaintiff choose to file another motion to appoint counsel, he should specify how his conditions prevent him from proceeding without assistance and provide recent medical documentation, not just test results, supporting his claimed impairments.

Lastly, to the extent petitioner seeks a stay of this case until counsel can be appointed, such request is also denied. As noted above, the court has determined that appointment of counsel is not warranted at this time.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a thirty-day extension of time to file objections to the magistrate judge's May 5, 2025, findings and recommendations (ECF no. 33) is GRANTED.

2. Plaintiff's motions to appoint counsel and for a stay pending appointment of counsel (ECF No. 33) are DENIED.

3. Plaintiff has until July 7, 2025, to file objections to the magistrate judge's May 5, 2024, findings and recommendations (ECF No. 28).

DATED: June 5, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court takes judicial notice of petitioner's other cases in this court. "[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citations omitted); Fed. R. Evid. 201(b)(2)).