UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY, | No. 2:23-cv-0061 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK CAVELLO, et al., | |
| Defendants. | |

Plaintiff moves for reconsideration of this court's August 5, 2025, order adopting the magistrate judge's May 5, 2025, findings and recommendations, and to grant him fifteen days or less to file objections to the magistrate judge's findings and recommendations. ECF No. 41.

Plaintiff claims that he believed the July 7, 2025, deadline to file objections was stayed when the court issued a post-screening order referring the case to Alternative Dispute Resolution ("ADR"), staying the case, and stating that "[e]xcept as provided herein or by subsequent court order, no other pleading or other documents may be filed in this case during the stay of this action." See ECF No. 41 at 2 (citing ECF No. 36). He also appears to assert that because his case was split into three separate lawsuits, he is litigating multiple complex cases at once and needs more time to file objections. Id. Plaintiff has also filed his belated objections to the magistrate judge's May 5, 2025, order. ECF No. 44.

Reconsideration of prior orders may be appropriate where the court is presented with

1

1  newly discovered evidence, has committed clear error, or there has been an intervening change in
2  the controlling law.  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873,
3  880 (9th Cir. 2009).  A party seeking reconsideration must do more than disagree with the court's
4  decision or recapitulate that which the court has previously considered.  United States v.
5  Westlands Water District, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Nor can a reconsideration
6  motion "be used to raise arguments or present evidence for the first time when they could
7  reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, 571 F.3d at 880.
8  Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or
9  circumstances are claimed to exist which did not exist or were not shown upon such prior motion,
10 or what other grounds exist for the motion; and . . . why the facts or circumstances were not
11 shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)-(4).

12        Plaintiff's motion for reconsideration of the August 5, 2025, order does not present any
13 cognizable grounds for reconsideration and instead merely seeks more time to file objections.
14 Even if the court considers plaintiff's belated objections to the magistrate judge's findings and
15 recommendations, plaintiff's arguments fail to establish a basis for reconsideration.

16        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF
17 No. 41) be, and the same hereby is, DENIED.

18 Dated:  August 22, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE