UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY MUNDY,<br>Plaintiff,<br>v.<br>COVELLO, et al.,<br>Defendants. | No. 2:23-cv-00061 WBS AC<br><br><u>ORDER</u> |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Several matters are presently before the court. Plaintiff has filed four motions seeking miscellaneous relief (ECF Nos. 53, 60-62), which defendants have opposed (ECF Nos. 56, 64-66). Defendants have presented a discovery dispute: On January 30, 2026, defendants filed a motion to compel plaintiff to respond to their outstanding discovery requests (ECF No. 55), and they later submitted a status report advising the court that as of June 16, 2026, plaintiff has not satisfied his discovery obligations (ECF No. 63). For the reasons set forth below, plaintiff's motions for miscellaneous relief (ECF Nos. 53, 60-62) are DENIED. The court reserves ruling on defendants' motion to compel (ECF No. 55) and directs defendants to provide an additional report on the status of discovery by no later than September 1, 2026.

////

////

## I. DISCUSSION

Plaintiff's first motion seeking miscellaneous relief was filed on January 22, 2026. ECF No. 53. The next month, on February 26, 2026, plaintiff prematurely terminated his deposition due to his reports of physical and mental ailments that prevented his continued participation, and he requested a six-month continuance from defense counsel. ECF No. 57. Based on plaintiff's representations, defendants sought a six-month continuance. ECF No. 57. On March 6, 2026, the court granted defendants' Ex Parte Motion to Modify the Discovery and Scheduling Order and granted a six-month extension of time "solely for the purpose of allowing defendants to complete their deposition of plaintiff and for plaintiff to respond to defendants' outstanding discovery requests." ECF No. 58. Despite plaintiff's representations that he was too unwell to meaningfully participate in discovery for several months, plaintiff filed three lengthy ex parte discovery motions of his own on April 22, 2026. ECF Nos. 60-62.

Although there are substantial similarities between plaintiff's four motions, the court will briefly address each one in turn. As discussed below, plaintiff has not shown that he is entitled to the requested relief.

A. <u>Plaintiff's January 22, 2026 Motion</u>

Plaintiff's first motion is entitled "Motion to Compel ADA Status help and Neurological and surgical care and Grant a 90 day continuance in the Discovery Schedule." ECF No. 53. Although plaintiff's request is not entirely clear, he appears to be requesting injunctive relief from "CDCR at Mule Creek," which is not one of the named defendants in this case. <u>Id.</u> at 3. For example, plaintiff asks "the Court to Compel CDCR at Mule Creek to give [plaintiff] Neurological, Surgical care, ADA status, Programs help and provide and [sic] Educational laptop, provided to other inmates, with printing abilities and a Confidential Educational Mentor[.]" <u>Id.</u> at 3-4. Plaintiff's motion neither complies with Local Rule 231, which governs motions seeking injunctive relief, nor establishes an entitlement to such relief from any of the named defendants in this case (defendants N. Hla, S. Hernandez, or T. Gaynor). His requests for various forms of injunctive relief are therefore denied.

////

To the extent plaintiff's motion also seeks to amend his complaint based on general allegations "that Defendants caused [Plaintiff's] repeated systemic infections" by refusing to provide necessary care, this request to amend is also denied. Federal Rule of Civil Procedure 15 governs a request for leave to amend. Once the time for amending as a matter of course has passed, Rule 15(a)(2) permits an amended pleading "only with the opposing party's written consent or the court's leave." In considering whether to grant leave to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a notice of a motion for leave to amend must set forth with particularity the ground of the amendment and the relief requested. Fed. R. Civ. P. 7(b)(1). In addition, a copy of the proposed amended pleading must also be filed. See Local Rule 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave .... If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules ...."). Here, plaintiff has not attached a copy of his proposed amended complaint, nor set forth the proposed amendment with the required level of particularity to demonstrate that amendment is appropriate at this stage of the proceedings. Although plaintiff has not yet satisfied his discovery obligations to defendants, his own discovery cutoff has passed. Plaintiff's motion to amend his complaint is therefore denied.

Finally, plaintiff requested a 90-day extension of the discovery schedule to allow for "Neurological, Surgical treatment and recovery time, and time to file and exhaust grievances" relating to his new "systemic infection" evidence. ECF No. 53 at 4. The court previously granted plaintiff a 90-day extension of the discovery deadlines in this case (ECF No. 51), and plaintiff's motion does not show circumstances that warrant further extension of those deadlines. The court previously advised plaintiff that his pro se status, limited education, and the fact that he is pursuing multiple pending cases are not sufficient bases for modifying the scheduling order, and that any request for further extension of the discovery deadlines must be accompanied by evidence specifically supporting his request, such as evidence showing recent/upcoming surgery dates and/or hospital stays. ECF No. 51 at 3. The medical records provided by plaintiff in

support of his extension request, such as notes from January and February 2025 exams, and August 2016 MRI, and 2013 medical records (ECF No. 53 at 10, 13, 18-19, 20-21) do not document any recent or upcoming hospital stays that warrant further extension of the discovery deadlines.[1] Accordingly, plaintiff's January 22, 2026 motion for miscellaneous relief (ECF No. 53) is DENIED.

B. Plaintiff's April 22, 2026 Motion to Amend or Refile Complaint and Grant Stay

Plaintiff's Motion to Amend or Refile Complaint and Grant Stay (ECF No. 60) asks for similar relief as his January 2026 motion discussed above and suffers from the same deficiencies. Although plaintiff once again seeks leave to amend his complaint, he has not attached the proposed amended complaint and, instead, provides a single-spaced extensive list of alleged misconduct by the defendants and others who are not current parties to this action. ECF No. 60 at 2-8. Plaintiff's filing essentially leaves the court and defendants to guess what specific allegations and/or claims plaintiff seeks to add and what new defendants, if any, plaintiff wants to include. ECF No. 60. Furthermore, although he references "concealment of misconduct" that he claims to have discovered in January 2026, plaintiff fails to adequately explain what the alleged misconduct was or why he could not have discovered it years earlier. Id. at 2.

Plaintiff therefore fails to establish good cause to amend his complaint at this late stage of proceedings. A moving party's inability to explain its delay, as here, is indicative of undue delay. Swanson v. U.S. Forest Service, 87 F.3d 339, 345 (9th Cir.1996); E.E.O.C. v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir. 1988); accord Calderón-Serra v. Wilmington Trust Co., 715 F3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend"); Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) ("We have held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay."). As the deadline for plaintiff to request discovery from defendants has passed, plaintiff's belated request for leave to amend is

[1] Similarly, although plaintiff submits records from a CT scan of his left upper extremity apparently from November 2025 (ECF No. 53 at 7-8), there are no associated treatment records reflecting recent/upcoming surgery dates or hospital stays associated with these test results or his reported shoulder pain.

denied. To the extent that plaintiff reiterates his requests for miscellaneous injunctive relief from his January 22, 2026 motion (ECF No. 60 at 8-9), those requests are denied as well.

Regarding plaintiff's additional requests for a stay of this action to allow him to "refile" or amend his lawsuit, plaintiff has not shown such relief would be appropriate under the rules. Plaintiff's reference to "extraordinary circumstances" or "new evidence" appears largely to be a continuation of his arguments regarding the diet and medical care he has received during his incarceration. ECF No. 60 at 1-2. The court has already granted multiple lengthy extensions of the discovery period to accommodate plaintiff's health concerns. ECF No. 58. To the extent that plaintiff wishes to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(A)(ii) and re-file a new case, defendants have expressed no objection. ECF No. 64 at 4.

Plaintiff's motion (ECF No. 60) is therefore DENIED.

C. Plaintiff's Motion to Void Order and Judgment

In plaintiff's April 22, 2026 Motion to Void Order and Judgment, plaintiff seeks to have the court reconsider or void an order entered in another case severing plaintiff's claims into three separate actions. ECF No. 61. Plaintiff filed an identical motion in his related case, Mundy v. Sacramento County Jail, et al. Case No. 1:22-cv-00401-KES-SAB (ECF No. 98). The court takes judicial notice of the June 23, 2026 order denying plaintiff's identical motion in that case, and adopts that court's reasoning here. See Mundy v. Sacramento County Jail, et al. Case No. 1:22-cv-00401-KES-SAB (ECF No. 103).[2] Plaintiff has not demonstrated new facts or circumstances that would warrant disturbing this court's prior ruling from three years ago severing his case into three separate matters.

To the extent that plaintiff is also requesting a stay to pursue additional grievances, he has not shown that such a remedy is appropriate and would not result in undue delay at this stage of the proceedings. Plaintiff filed his original complaint on January 11, 2023 (ECF No. 1) and amended his complaint on two occasions: October 18, 2023 (ECF No. 11) and October 15, 2024

---

[2] See Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

(ECF No. 19). During the nearly two years since his last amendment, plaintiff has had ample time to exhaust his administrative remedies. He has not shown that a stay of this action to pursue additional grievances (or whether those grievances would even be relevant to his claims in this case) is warranted. Plaintiff's motion (ECF No. 61) is therefore DENIED.

D. Plaintiff's Rule 60 Motion and Motion for 60-Day Extension

On April 22, 2026, plaintiff filed an additional motion seeking to void a previous order and/or grant a continuance of the current scheduling order. ECF No. 62. With regard to plaintiff's request to "void [a] previous order and judgment under Fed. R of Civ. Proc. 60," plaintiff fails to identify what order he is referencing and there have been no judgments yet rendered in this action. ECF No. 62 at 1-2. To the extent plaintiff may once again be referring to the court's prior ruling from three years ago in Mundy v. Sacramento County Jail, et al. Case No. 1:22-cv-00401-KES-SAB severing that case into three separate actions, his motion is denied.

Plaintiff is also seeking a sixty-day extension of the discovery period "to amend or refile complaint based on new false labeling [as an IV drug user], new and continuing denial of prescribed dietary, medical and surgical care policy that prevents due process access to the courts[.]" ECF No. 62. At bottom, plaintiff is reiterating his request for more time based on his belief that his diet and medical care have made him ill. However, despite the court's prior advisement that plaintiff must provide actual evidence of any recent hospital stays or upcoming surgeries to establish good cause for additional extensions of the discovery period, plaintiff provided no such evidence in support of his motion. He simply asserts that he has had multiple hospitalizations and "4 upcoming surgeries." ECF No. 62 at 2. Plaintiff's motion is denied. ECF No. 62.

E. Defendants' Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In response to a request for production of documents or tangible things, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P.

34(a)(1). A court may limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery." Fed. R. Civ. P. 26(b)(2)(C). Under Federal Rule of Civil Procedure 37, a party may bring a motion to compel if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Defendants' January 30, 2026 motion to compel plaintiff to respond to defendants' interrogatory requests and requests for production, as well as complete his deposition, is still pending. ECF No. 55. Consistent with this court's March 6, 2026 Minute Order, defendants submitted a June 16, 2026 Discovery Status Report, advising the court that to date, plaintiff has failed to respond to defendants' outstanding discovery requests or participate in a renewed deposition (despite plaintiff's ability to file several lengthy discovery motions of his own in April 2026). ECF No. 63 at 1-2. Defendants reiterate their request for the court to grant their motion to compel plaintiff to provide the subject responses and documents and complete his deposition. Id. at 2.

The court has extended the discovery period in this case until September 17, 2026 solely for the purpose of allowing defendants to complete their deposition of plaintiff and for plaintiff to respond to defendants' outstanding discovery requests. ECF No. 58. All other pretrial deadlines have been stricken. In light of this substantial extension of time and the fact that there are two more months for the parties to meet and confer and reschedule plaintiff's deposition, it is premature to grant defendants' motion to compel. Accordingly, defendants are directed to provide the court with an additional update on the status of discovery and inform the court whether any of the discovery disputes raised in their motion to compel (ECF No. 55) have been resolved, and whether plaintiff has completed his renewed deposition, by no later than **September 1, 2026**.

////

////

**<u>Plaintiff is advised that his failure to satisfy his discovery obligations, including participating in his deposition, before the September 17, 2026 deadline may result in sanctions, including dismissal of this action with prejudice</u>**.

IT IS SO ORDERED.

DATED: July 23, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE