UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY MUNDY,<br>Plaintiff,<br>v.<br>COVELLO, et al.,<br>Defendants. | No. 2:23-cv-0061 WBS AC<br><br>ORDER |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for sanctions against defendants (ECF No. 72), and defendants have filed a motion to compel plaintiff to respond to their outstanding discovery requests (ECF No. 55).[1] On September 21, 2026, defendants filed a status report advising the court that plaintiff had not yet responded to outstanding discovery requests, although the deadline to complete discovery was September 17, 2026. ECF No. 73. For the reasons set forth below, plaintiff's motion for sanctions (ECF No. 72) is DENIED, and defendants' motion to compel (ECF No. 55) is GRANTED. By separate order, the undersigned is also scheduling this matter for a settlement conference with a United States Magistrate Judge at California State Prison, Sacramento, on October 15, 2026.

[1] Plaintiff contemporaneously filed a motion for preliminary injunction (ECF No. 71) which the undersigned has addressed separately via Findings and Recommendations.

## I. DISCUSSION

A. Plaintiff's Motion for Sanctions

Plaintiff's motion for sanctions "for PVSP and MCSP defendants intentionally withholding material evidence for five years that shows both PVSP and MCSP same ongoing deliberate indifference to intentionally cause plaintiff serious and ongoing life threatening injury and proves plaintiff's claims in both cases." ECF No. 72 at 1. In essence, plaintiff appears to be arguing that by withholding "prescribed dietary, allergic reaction, severe infection, hospital, return diagnostic, treatment, and surgical care," defendants "caused plaintiff severe debilitating injuries during that time to make the grievance, discover[y], and access to the courts . . . unavailable to plaintiff" in his pending civil rights lawsuits. Id. at 1-2.

Federal courts possess broad powers to impose sanctions against parties or counsel for improper conduct during litigation. The Local Rules of the Eastern District provide wide latitude to the court with respect to sanctions. Under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Additionally, the Federal Rules of Civil Procedure contemplate sanctions under rule 16 for "fail[ure] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "On motion or on its own, the court may issue any just orders ...." Fed. R. Civ. P. 16(f)(1). Courts also have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Pipe, 447 U.S. 752, 766 (1980)). Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id. at 994.

At this time, there is no evidence of bad faith by defendants or any indication that they failed to comply with any court order or engaged in litigation misconduct. See Fed. R. Civ. P. 16(f); Fink, 239 F.2d at 991. Plaintiff's allegations appear primarily directed to a range of individuals who are not parties to this action, such as "Pimental, Long and Conanan," among others. ECF No. 72 at 6. To the extent that plaintiff does make specific allegations about the

three named defendants in this case, Mule Creek State Prison ("MCSP") registered dietician and nutritionist Tessa Gaynor, MCSP registered nurse Sabreanne Hernandez, or MCSP physician Nyo Hla, plaintiff is generally restating his arguments that these defendants minimized or failed to document plaintiff's worsening medical conditions and therefore acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights between 2002 and 2004. ECF No. 72 at 8-11. Plaintiff does not identify any specific misconduct by defendants during litigation that would warrant sanctions under the federal or local rules, such as any evidence to support his allegation that the defendants concealed evidence for 5 years that would prove his cases.

Finally, to the extent plaintiff's motion may be construed as suggesting the defendants' provision of inadequate medical care and diet was also intended to render plaintiff too sick to prosecute this case, the court finds plaintiff's unsupported assertions too speculative to warrant sanctions.[2] Because plaintiff has failed to establish any conduct by the named defendants tantamount to bad faith or misconduct during this litigation, his motion for sanctions against defendants N. Hla, S. Hernandez, or T. Gaynor (ECF No. 72) is DENIED.

B. Defendants' January 30, 2026, Motion to Compel

Defendants' motion to compel plaintiff to respond to defendants' interrogatory requests and requests for production, as well as complete his deposition, has been pending since January 2026. ECF No. 55. The court reserved ruling on defendants' motion to allow plaintiff sufficient opportunity to fulfill his discovery obligations by the September 17, 2026, discovery deadline despite his ongoing health challenges. See ECF No. 68. To date, it appears plaintiff has not done so, although he has managed to file two additional motions in recent weeks which are each over one-hundred pages in length. ECF Nos. 71-72.

---

[2] To the extent plaintiff also reiterates many of his requests from his prior motions for miscellaneous relief (ECF No. 72 at 12-13), such as re-stating his request for a lengthy continuance of discovery and additional opportunity to amend his complaint, the court adopts the reasoning set forth in its July 24, 2026 Order denying these requests. See ECF No. 68. Plaintiff has not shown any circumstances that warrant further extension of the discovery deadlines (which have been repeatedly extended to accommodate him) or good cause to amend his complaint at this late stage of the proceedings, when the discovery period has closed.

In their discovery status report dated August 27, 2026, defendants advised the court that they were able to take plaintiff's continued deposition on August 20, 2026. ECF No. 69 at 1. At the time, defendants still had not received any discovery responses or documents responsive to their 10-month-old discovery requests, but plaintiff had promised to mail responses and documents by August 25, 2026. Id. In their most recent discovery status report, filed on September 21, 2026, defendants advised the court that plaintiff still had not properly submitted his discovery responses to defendants. ECF No. 73 at 1. Defendants also asked for the court's interpretation regarding whether pages 54-61 of plaintiff's motion for preliminary injunction (ECF No. 71 at 54-61), which contains affidavits from plaintiff referring to some of defendants' discovery requests and specific exhibits, should be construed as plaintiff's discovery responses. Id. at 2.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In response to a request for production of documents or tangible things, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A court may limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery." Fed. R. Civ. P. 26(b)(2)(C). To determine the proportionality of a request in relation to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Furthermore, under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Plaintiff does appear to have attempted to respond to some of defendants' outstanding

discovery requests as part of his motion for preliminary injunction, including by identifying some exhibits as responsive to defendants' requests for production. ECF No. 71 at 54-61. However, plaintiff's intentions, particularly with respect to many of his responses to defendants' requests for production of documents, remain unclear. Id. at 60-61. For example, plaintiff indicated in his motion for preliminary injunction that he was still attempting to obtain copies of grievances, affidavits, and other documents that he intended to send defendants "this week" that were responsive to defendants' document requests. Id. But plaintiff apparently did not submit any additional documents to defendants, despite this representation. See ECF No. 73.

The deadline for plaintiff to timely fulfill his discovery obligations has passed, and therefore defendants' motion to compel (ECF No. 55) is GRANTED. All objections are deemed waived, which means that plaintiff may not refuse to provide answers or documents on grounds that the requests seek irrelevant information or are objectionable in form. If plaintiff is unable to respond to an interrogatory because he does not know the answer, or is unable to submit documents responsive to a particular request for production because he does not have them, he must advise defendants of this fact in writing. Plaintiff is ordered to supplement the discovery responses included in his motion for preliminary injunction (ECF No. 71 at 54-61) if necessary, and complete his document production by no later than **Monday, October 5, 2026**. If necessary, plaintiff may identify what pages of his recent filings are responsive to each of defendants' requests for production. **However, plaintiff is advised that any additional discovery responses, including medical records, should not be filed with the court.** All discovery responses must be submitted directly to defense counsel. Discovery responses filed with the court will be promptly stricken.

In light of the numerous extensions of the case scheduling order previously granted, as well as plaintiff's apparent ability to file 100-page motions despite his health challenges, plaintiff will not be granted any additional extensions of time to fulfill his discovery obligations absent extraordinary circumstances. **Plaintiff is advised that his failure to satisfy his discovery obligations may result in sanctions, including the exclusion at trial of evidence not produced in discovery or dismissal of this action with prejudice.**

Finally, given the parties' ongoing difficulty completing discovery, the court has determined that this case will benefit from a settlement conference. By separate order, the court has scheduled this case for a settlement conference at the California State Prison, Sacramento, on **October 15, 2026**. Should the case fail to settle, defendants are ordered to file a status report regarding plaintiff's compliance with this discovery order no later Friday, October 23, 2026.

## II. CONCLUSION

For the reasons set forth above, plaintiff's motion for sanctions (ECF No. 72) is DENIED. Defendants' January 30, 2026, motion to compel (ECF No. 55) is GRANTED, and plaintiff is ordered to fulfill his discovery obligations by no later than October 5, 2026.

IT IS SO ORDERED.

DATED: September 23, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE