UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY MUNDY, Plaintiff, v. COVELLO, et al. Defendants. | No. 2:23-cv-00061 WBS AC<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the court is plaintiff's motion for preliminary injunction. ECF No. 71. For the reasons discussed below, the undersigned recommends that plaintiff's motion (ECF No. 71) be denied.

I. Plaintiff's Allegations

Although plaintiff's motion for preliminary injunction is not entirely clear, he appears to seek an order compelling numerous non-defendants to provide a range of medical treatments and a soy-free diet. ECF No. 71 at 1-2.[1] For example, he asks the court to order "CDCR defendant Jeff Macomber and MCSP staff [to] have all plaintiff's future [biopsies] and surgeries and

[1] Plaintiff filed his motion for preliminary injunction contemporaneously with a motion for sanctions (ECF No. 72), which the court has addressed by separate order.

treatment be provided at UC San Francisco or UC Davis University Hospitals[.]" Id. at 7. He argues that numerous medical providers and CDCR staff members are following a "policy not to document, treat and delay ADA rights and neurological treatment," and their failure to provide a non-soy diet is causing injuries and heart damage. Id. at 1. Plaintiff asserts that he needs an injunction to "stop ongoing delay and failure to treat immune system damage resulting in possible Stage 3 Lymphoma Cancer." Id. at 2. He alleges that he has "repeatedly tried to get all [the individuals named] above to provide plaintiff return prescribed [right] leg and infectious disease treatment to stop repeat infections heart damage and other injuries." Id. Plaintiff further asserts that the denial of his requested medical treatments has impacted his ability to participate in his cases and "prevent[ed] plaintiff access to the discovery process till at least 7/2025." Id. Notably, plaintiff's motion does not specifically ask the court to enjoin any specific conduct by the three named defendants in this action, Mule Creek State Prison ("MCSP") registered dietician and nutritionist Tessa Gaynor, MCSP registered nurse Sabreanne Hernandez, or MCSP physician Nyo Hla. Id. at 1-7.

II. Discussion

A. Legal Standards

To obtain preliminary injunctive relief, a party must demonstrate that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter standard. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Id. at 1132.

The plaintiff, as the moving party, bears the burden of establishing the merits of his or her

claims. See Winter, 555 U.S. at 20. Additionally, "[t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm." Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013).

Because the function of a preliminary injunction and temporary restraining order is to preserve the status quo pending a determination on the merits, Chalk v. United States Dist. Court, 840 F.2d 701, 704 (9th Cir. 1988), there is heightened scrutiny where the movant seeks to *alter* rather than maintain the status quo, Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party"). "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (quoting Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir. 1979)).

Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

B. Analysis

Application of the Winter factors demonstrates that plaintiff's motion for a preliminary injunction must be denied. With respect to the first Winter factor, plaintiff has not demonstrated that he is likely to prevail on the merits of his Eighth Amendment claim against defendants N. Hla, S. Hernandez, or T. Gaynor.[2] To date, plaintiff has still not fulfilled his discovery obligations despite numerous lengthy continuances of deadlines and plaintiff's ability to file numerous lengthy motions during the same period. Plaintiff has also struggled to comply with

---

[2] Following the dismissal of numerous other defendants and claims, the case proceeds on the claim that defendants Gaynor, Hla, and Hernandez acted with deliberate indifference to plaintiff's medical needs when they delayed or refused to provide plaintiff treatment, including surgical care and a non-soy diet, causing severe reactions for which they have refused to provide treatment or document his symptoms. ECF No. 28 (Findings and Recommendations) at 3-4; ECF No. 38 (Order adopting Findings and Recommendations).

the court's directives to focus his arguments on the three named defendants in this case. Thus far, plaintiff's entitlement to relief is largely speculative. Plaintiff has therefore not satisfied the first Winter factor by showing a likelihood of success on the merits.

With respect to the second Winter factor, plaintiff has not established that he will suffer irreparable harm from the denial of his motion for preliminary injunction. To be sure, plaintiff argues vehemently that the medical care and diet he is receiving at MCSP are causing him harm. However, these allegations are unsupported by competent evidence. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co., 844 F.2d at 674 (citation omitted); In re Excel Innovations, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for the finding of irreparable harm."). Plaintiff's conclusory assertions of harm are not enough to support injunctive relief.

Moreover, as noted above, however, plaintiff's motion for preliminary injunction primarily seeks medical treatment or other forms of relief from a range of individuals who are not parties to this action. A district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties. Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) (per curiam) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") (citation omitted). The court does not have jurisdiction over nondefendants unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.").

On screening the Second Amended Complaint, the court found that plaintiff's allegations that individuals other than the remaining defendants knew about his medical conditions and/or dietary needs and were causing him harm were too vague and conclusory to state a claim for relief. ECF No. 28 at 5. The motion for preliminary injunction rests on many of these previously rejected allegations, and plaintiff does not identify any specific conduct by the three named defendants. ECF No. 71. To the extent that his motion could be liberally construed as suggesting

the defendants are acting in concert with these non-defendants to cause him harm, the court finds such an argument too conclusory and speculative to warrant relief. In sum, plaintiff has not established that he will suffer irreparable harm from the denial of his motion for preliminary injunction.

Finally, the court is not persuaded that the balance of equities tips in plaintiff's favor. When making this determination, a court must consider the impact that granting or denying a motion for preliminary injunction will have on other groups. See International Jensen v. Metrosound U.S.A., 4 F.3d 819, 827 (9th Cir. 1993). Interfering with MCSP's provision of medical services will impact the facility's operations, and the court is not persuaded that such interference is warranted at this time. A preliminary injunction that interferes with prison administration before plaintiff has established a likelihood of success on his Eighth Amendment claims is premature.

Because plaintiff has not established a right to injunctive relief from any of the three named defendants, his motion for a preliminary injunction should be denied.[3]

III. Conclusion

Plaintiff has failed to establish that any of the factors established in Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), favor preliminary injunctive relief. Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 71) be DENIED.

IV. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your motion for preliminary injunction be denied because you did not establish a right to relief from the three named defendants in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

[3] To the extent plaintiff also reiterates many of his requests from prior motions for miscellaneous relief (ECF No. 71 at 6-7), such as re-stating his request for a six-month continuance of discovery and an "educational laptop," the court adopts the reasoning set forth in its July 24, 2026, Order denying these miscellaneous requests. See ECF No. 68.

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 23, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE